UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

July 23, 2021

LETTER TO COUNSEL:

    RE:    *Brian H. v. Andrew M. Saul, Commissioner of Social Security*
              Civil No. TJS-20-1167

Dear Counsel:

       On May 7, 2020, Plaintiff Brian H. petitioned this Court to review the Social Security Administration's final decision to deny his claim for disability insurance benefits ("DIB"). ECF No. 1. The parties have filed cross-motions for summary judgment. ECF Nos. 15 & 16. These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[1] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will deny both motions and remand the case for further proceedings. This letter explains my rationale.

       Brian H. filed his application for DIB on April 8, 2017. Tr. 55. He alleged a disability onset date of January 1, 2015. *Id.* His application was denied initially and upon reconsideration. *Id.* He requested a hearing and thereafter appeared before an Administrative Law Judge ("ALJ") for a hearing on April 11, 2019. *Id.* In a written decision dated May 10, 2019, the ALJ found that Brian H. was not disabled under the Social Security Act. Tr. 55-81. Brian H. now seeks review of the ALJ's decision.

       The ALJ evaluated Brian H.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520. At step one, the ALJ found that Brian H. has not engaged in substantial gainful activity since January 1, 2015. Tr. 57. At step two, the ALJ found that Brian H. suffers from the following severe impairments: status-post traumatic brain injury, neurocognitive disorder, borderline intellectual functioning, depression, anxiety, post-traumatic stress disorder, degenerative disc disease and scoliosis of the cervical spine, cervical dystonia, tinnitus, and headaches. *Id.* At step three, the ALJ found Brian H.'s impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). Tr. 59-64. The ALJ determined that Brian H. retains the residual functional capacity ("RFC") to:

---

[1] This case was originally assigned to Judge Deborah L. Boardman. On March 23, 2021, it was reassigned to me.

perform sedentary work as defined in 20 CFR 404.1567(a) except he can perform work that occasionally requires balancing, stooping, kneeling, crouching, crawling, and climbing (except never requires the use of ladders, ropes, and scaffolds). He needs to avoid all hazards. He can perform jobs with frequent handling and fingering. He can perform jobs consisting of unskilled, routine, and repetitive tasks involving only simple work-related decisions, with only occasional changes in the routine work setting, only occasional interaction with supervisors, and only brief and superficial interaction with co-workers and the public. Time off task during the workday can be accommodated by normal breaks (i.e., he is able to sustain concentration and attention for at least 2 hours at a time).

Tr. 64.

At step four, the ALJ determined that Brian H. is unable to perform any past relevant work. Tr. 79. At step five, relying on testimony provided by a vocational expert ("VE"), and considering the claimant's age, education, work experience, and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Brian H. can perform, including assembler, bench worker, and inspector. Tr. 81. Accordingly, the ALJ found that Brian H. was not disabled under the Social Security Act. *Id.*

Brian H. raises two arguments in this appeal. First, he argues that the ALJ did not comply with *Mascio*, 780 F.3d at 632. Second, he argues that the ALJ failed to properly evaluate whether his impairments met or equaled Listing 1.04A.

After a careful review of the ALJ's opinion and the evidence in the record, I find that the ALJ did not adequately explain why Brian H.'s moderate limitations in concentration, persistence, and pace could be accommodated by the limitations contained in the RFC, or why no limitations were necessary. Accordingly, I conclude that the ALJ's decision does not comply with *Mascio* and will remand this case on that basis for further explanation.

In *Mascio*, the Fourth Circuit held that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the [claimant] to simple, routine tasks or unskilled work.'" 780 F.3d at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). This is because "the ability to perform simple tasks differs from the ability to stay on task." *Id.* Where an ALJ finds that a claimant has limitations in concentration, persistence, and pace, the ALJ is required to incorporate these limitations into the claimant's RFC or explain why they do not "translate into [such] a limitation." *Id.*

As part of the step three analysis, the ALJ found that Brian H. has moderate limitations in his ability to concentrate, persist, or maintain pace. Tr. 62. In making this finding, the ALJ noted Brian H.'s statements that "he has limitations in concentrating generally, focusing generally, following instructions, completing tasks, and maintaining a regular work schedule." *Id.* At the same time, the ALJ acknowledged evidence that indicated that Brian H. had no more than moderate limitations in maintaining concentration, persistence, and pace. *Id.* The ALJ also discussed Brian H.'s ability to concentrate, persist, and maintain pace later in his decision. Tr. 72. The ALJ noted that while Brian H. "testified that he usually lacks focus and cannot concentrate on anything," his mental status exams showed that his limitations were not so severe, generally indicating "intact

attention and concentration." *Id.* The ALJ summarized a variety of other evidence that tended to show Brian H. had some ability to maintain concentration, persistence, and pace: his schooling in 2015 and 2016, and his daily activities, which sometimes include going to the public library, watching television, and performing light household chores. The ALJ also made note of Brian H.'s ability to go shopping twice a month for several hours at a time, his somewhat prolonged interactions with a social worker, and his practice of showing up to his psychotherapy appointments unnecessarily early. *Id.* The ALJ cited evidence that Brian H. received good marks from a horticulture teacher in 2018 and the report of a medical provider that Brian H. "appeared to maintain concentration during conversations throughout testing." *Id.*

In spite of the ALJ's finding that Brian H. had moderate limitations in concentrating, persisting, or maintaining pace, the ALJ failed to incorporate any limitations into the claimant's RFC to account for these limitations, or explain why they do not "translate into [such] a limitation." *Mascio*, 780 F.3d at 638. The ALJ's RFC formulation limits Brian H. to work consisting of "unskilled, routine, and repetitive tasks involving only simple work-related decisions," with limited changes in the work setting, limited interaction with others, and with time off task accommodated by normal workday breaks. Tr. 64. The ALJ did not explain how these limitations account for Brian H.'s moderate difficulties in maintaining concentration, persistence, and pace.

Absent an explanation by the ALJ, the Court is left to speculate on how the RFC accounted for Brian H.'s difficulties in these areas. To the extent that the RFC limitations are meant to address Brian H.'s difficulties in concentration, persistence, and pace, the absence of any explanation makes it impossible for this Court to conduct the necessary review. Alternatively, if the ALJ did not believe any limitations were necessary to account for Brian H.'s difficulties in maintaining concentration, persistence, and pace, the decision does not say so. The ALJ appears to minimize Brian H.'s limitations in concentration, persistence, and pace throughout the opinion. *See* Tr. 72. This treatment of Brian H.'s limitations is consistent with the ALJ's finding that Brian H. has no more than moderate limitations in these areas. It may be, as the Commissioner suggests, that the ALJ believed the evidence demonstrated that no limitation in the RFC was necessary to account for Brian H.'s moderate limitations. But the ALJ did not say so and explain why this was the case, and the Court cannot take the Commissioner's word for it. Without the necessary explanation by the ALJ, the Court is unable to determine whether the ALJ's decision is supported by substantial evidence. *Mascio* requires more than what the ALJ's decision provides. *Id.* ("[B]ecause the ALJ here gave no explanation, a remand is in order.").

The Commissioner relies on *Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020) to support its argument that the ALJ's decision complies with *Mascio*. *Shinaberry* is distinguishable from this case. In *Shinaberry*, the ALJ actually explained why the claimant's moderate limitations in concentration, persistence, and pace did not translate into a limitation in the RFC. *Id.* at 121-22 ("Here, the ALJ discussed in detail the psychological evaluations . . ., as well as Shinaberry's adult function report, and sufficiently explained why the mental limitation to simple, routine, and repetitive tasks accounted for [the claimant's] moderate limitations in concentration, persistence, and pace."). In contrast, the ALJ's decision in this case does not explain why Brian H.'s moderate difficulties in concentration, persistence, and pace do not translate into a limitation in the RFC. And to the extent that the RFC limitation of maintaining attention and concentration for at least two hours at a time is meant to account for Brian H.'s difficulties, it is unclear how the ALJ reached

3

this conclusion. The Court is unable to locate any evidence cited by the ALJ to indicate that Brian H. can maintain his attention and concentration for at least two hours at a time in a work setting. Similarly, the Court is unable to locate any evidence cited by the ALJ to support the implicit conclusion that Brian H. could maintain the requisite performance for an entire workday and workweek.

The Commissioner attempts to direct this Court's attention away from the ALJ's analysis and toward the Commissioner's own analysis and citation of the evidence in the record. But this Court's task is not to determine whether the Commissioner's post hoc explanations withstand scrutiny, nor is it the Court's function to scour the evidentiary record to find evidence that supports the ALJ's conclusions. Instead, the Court's role is to review the ALJ's decision to determine whether it is supported by substantial evidence with application of the proper legal standards.

Without a clear and specific explanation as to how the RFC accounts for Brian H.'s difficulties in concentration, persistence, and pace (or why no such limitations are necessary), the Court is unable to properly review the ALJ's decision. I decline to address Brian H.'s argument regarding Listing 1.04A and express no opinion on the ultimate merits of Brian H.'s disability claim.

For the reasons set forth herein, both parties' motions for summary judgment (ECF Nos. 15 & 16) are **DENIED**. Pursuant to sentence four of 42 U.S.C.§405(g), the Commissioner's judgment is **REVERSED IN PART** due to inadequate analysis. The case is **REMANDED** for further proceedings in accordance with this opinion. The Clerk is directed to **CLOSE** this case.

Sincerely yours,

_____/s/_____
Timothy J. Sullivan
United States Magistrate Judge